USDC Appeal: EDCV13-01430-DDP

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re KEVIN WALKER,
Debtor

BAYER WISHMAN & LEOTTA, Appellant,

v.

ROD DANIELSON, Chapter 13 Trustee and KEVIN WALKER,
Appellees.

Appeal from the United States Bankruptcy Court
Bankruptcy Case no. 6:09-bk-28706-WJ
Related to USDC Appeal no: EDCV13-01431-DDP (In re Tyrone Macey)

## APPELLANT'S OPENING BRIEF

MARCUS G. TIGGS (SBN: 137467)
BAYER WISHMAN & LEOTTA
1055 Wilshire Blvd., Ste 1900
Los Angeles, CA. 90017
Email: mtiggs@lawbwl.com
Tel: 213-629-8801
Fax: 213-629-8802

## **Table of Contents**

1. Statement of Jurisdiction…………………………………………………………………   1

2. Standard for Review……………………………………………………….......................   1

3. Statement of Issues………………………………………………….............................   2

4. Statement of the Case (a. Procedural)……………………………………………………   2
   Statement of the Case (b. Local Rules-Attorney Fees in Chapter 13 Cases)…...........................   5

5. Argument
   a) Whether the Bankruptcy Court erred in application of the applicable legal   standard governing fee applications……………………………….............................................   7

   b) Whether the Bankruptcy Court erred in not considering/applying the "Lodestar" standard in making its ruling on the fees and costs requested by BWL .......................................   11

   c) Whether the Bankruptcy Court erred in adopting the Chapter 13 Trustee's recommendation that $600.00 is "customary and reasonable" for supplemental fees in the Central District of California relating to additional legal services and fees  in a Chapter 13 case………………   16

   d) Whether the Bankruptcy Court abused its discretion when it disallowed part of BWL's requested fees and costs through applying a flat $600.00 allowance for fees and cost………   20

6. Conclusion  …………………………………………………………………………..   22

## <u>Table of Authorities</u>

**Cases**

*Law Offices of David A. Boone v. Derham-Burk (In re Eliapo),* 468 F.3d 592, 596 (9th Cir. 2006)……………………………………………………................ 1

*Smith v. Edward & Hale, Ltd. (In re Smith)*, 317 F.3d 918, 923 (9th Cir. 2002)… 1

*Friedman Enters. v. B.U.M. Int'l, Inc. (In re B.U.M. Int'l, Inc.),* 229 F.3d 824, 830 (9th Cir. 2000)………………………………………………………………… 1, 2

*United States v. Hinkson, 585 F.3d. 1247, 1262* (9th Cir 2009)(en banc)………… 1

*In re Szymczak,* 246 B.R. 774, 781 (Bankr.D.N.J. 2000)………………………… 10,11,15

*In re Rothman, 206 B.R. 99, 110* (Bankr.E.D.Pa. 1997)………………………….. 10

*Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).. 1,12

*In re Eliapo,* 468 F.3d 592 (9th Cir. 2006) 1, 12,13,14,17, 18

*Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.,* 924 F.2d 955, 960 (9th Cir.1991)………………………………………………………………………... 12

*Boday v. U.S. Bankruptcy Court, Western District of Kentucky,* 950 F.2d. 334 (6th Cir 1991)……………………………………………………………………… 14,15

*In re Cahill,* 428 F.3d. 536 (5th Cir 2005)……………………………………….. 15

*In re Kula, 213 B.R. 394* (BAP 8th Cir 1997)…………………………………….. 15

*In re Watkins,* 189 B.R. 823 (Bankr. N.D. Ala. 1995)…………………………… 15

*Johnson v. Georgia Highway Express, Inc.,* 488 F.2d. 714 (5th Cir 1974)……….. 17

*In re Argento,* 282 B.R. 108 (Bankr.D.Mass.2002)……………………………… 18

**Statutes**

28 U.S.C. §157……………………………………………………………………… 1

28 U.S.C. §158……………………………………………………………………… 1

28 U.S.C. §1334……………………………………………………………………... 1

11 U.S.C. §105……………………………………………………………………… 3

11 U.S.C. §330……………………………………………………………………… 6-14,16,17

11 U.S.C. §331……………………………………………………………………… 6, 14

Federal Rules of Bankruptcy Procedure §2002………………………………….. 6, 14

Federal Rules of Bankruptcy Procedure §2016…………………………………... 6,14

**Local Rules (LBR)**

LBR Appendix IV…………………………………………………………………… 4, 6, 9, 14

LBR §3015-1………………………………………………………………………… 6,9,14

LBR 1001-1…………………………………………………………………………. 6

LBR §2016-1………………………………………………………………………... 6,14

Appellant, BAYER WISHMAN & LEOTTA (hereinafter referred to as "Appellant" or "BWL"), by and through its counsel of record, MARCUS G. TIGGS, do hereby submit the following Opening Brief of Appellant:

## 1. STATEMENT OF JURISDICTION

This appeal arises from an order of the United Stated Bankruptcy Court for the Central District of California disallowing in part attorney fees and costs requested by BWL (Debtors counsel) for post-confirmation additional legal services. The Bankruptcy Court had jurisdiction to enter the final order pursuant to 28 U.S.C. §§ 157(a), 157(b)(1) and 1334. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158.

## 2. STANDARD OF REVIEW

We will not disturb a bankruptcy court's award of attorneys' fees absent an abuse of discretion or an erroneous application of the law. *Law Offices of David A. Boone v. Derham-Burk (In re Eliapo)*, 468 F.3d 592, 596 (9th Cir. 2006); *Smith v. Edward & Hale, Ltd. (In re Smith)*, 317 F.3d 918, 923 (9th Cir. 2002). Under the abuse of discretion standard of review, we first determine de novo whether the court identified the correct legal rule to apply to the relief requested. *United States v. Hinkson*, 585 F.3d. 1247, 1262 (9th Cir 2009)(en banc). We review factual findings made in the course of awarding compensation for clear error. See

1

*Friedman Enters. v. B.U.M. Int'l, Inc. (In re B.U.M. Int'l, Inc.)*, 229 F.3d 824, 830
(9th Cir. 2000).

## 3. STATEMENT OF ISSUES

a.      Whether the Bankruptcy Court erred in application of the applicable
legal standard governing fee applications.

b.      Whether the Bankruptcy Court erred in not considering/applying the
"lodestar" standard in making its ruling on the fees and costs requested by BWL.

c.      Whether the Bankruptcy Court erred in adopting the Chapter 13
Trustee's recommendation that $600.00 is "customary and reasonable" for
supplemental fees in the Central District of California relating to additional legal
services and fees  in a Chapter 13 case.

d.      Whether the Bankruptcy Court abused its discretion when it
disallowed part of BWL's requested fees and costs through applying a flat $600.00
allowance for fees and cost.

## 4. STATEMENT OF THE CASE

### a. PROCEDURAL

Appellant is counsel for the Debtor in connection with the underlying
chapter 13 bankruptcy case (converted from a chapter 7 bankruptcy case on or

about 8 January 2010) [ER[1] tab 1, pg 002]. At the time of conversion, through and until 13 August 2010, the Honorable Peter Carroll was assigned as the Judge to the case. [ER tab 1, pg 011-EOD #60]. On or about 5 March 2010, the Honorable Peter Carroll confirmed Debtor's Chapter 13 Plan.[2] [ER tab 16, pg 243-EOD #37]. From 13 August 2010 until 21 February 2012, the Honorable Catherine E. Bauer was assigned as the Judge to the case. [ER tab 1, pg 012 EOD #60 & pg 013 EOD 65]. From 21 February to present, the Honorable Wayne E. Johnson is assigned as the Judge to the case. [ER tab 1, pg 013 EOD #65]. At all relevant times, Rod Danielson is the Standing Trustee administering the case (the "Trustee"). [ER tab 1, pg 002]

On or about 18 March 2013, the Honorable Wayne E. Johnson issued an Order Setting Status Conference[3] (the "SC Order") with a calendared hearing date set for 8 May 2013 [ER tab 6, pgs 045-048 EOD #80]. The Order requires a response, otherwise there is a possibility of case dismissal. See ER tab 6, pg 047. According to the Order, respondent must detail all plan payments and any payments made outside of the Plan (e.g. mortgage payments, car payments,

---

[1] "ER" as used within this Brief shall be used to reference the Excerpt of Record within "Appellant's Appendix 1 to this Opening Brief". Construction of references: "tab" shall represent the identified tab # within he Appendix; "pg" shall represent the bates stamp # on the lower left corner of the preceded by "bwl AP"; and EOD shall represent the Entry on Bankruptcy Court docket # (See Tab 1 for docket).

[2] The Plan provided for 100% payment on allowed unsecured claim over a duration of 60 months.

[3] The implementation of requiring Debtors to file detailed Status Reports in Chapter 13 cases is novel in the Bankruptcy Court, Central District of California. Judge Wayne Johnson is the only U.S. Bankruptcy Court, Central District of California Judge mandating mid-case Status Reports of the 15 Judges in this district hearing chapter 13 cases. According to the SC Order itself, this procedure is born from the Courts powers under §105.

homeowners association payments, etc) in a specific embedded tabular format, while referring to proof of each payment made and discussing any events that may have occurred in the case (e.g. Motion to Dismiss, Motions to Modify/Suspend, Stay Relief Motion(s)).[4] See ER tab 6, pg 046.

On or about 8 April 2013, Appellant filed a detailed Responsive Status Report to the SC Order (the "Status Report"). [ER tab 7, pgs 050-155 EOD 84].[5] On or about 8 May 2013 the Court issued its tentative ruling taking the Status Conference off calendar. [ER tab 8, pgs 157-158 EOD #85].

In conformity with the Local Bankruptcy Rules (Central District of California)(the "Local Rules")[6], on or about 5 June 2013, BWL filed its Application for Compensation in the amount of $1,622.34 ($1,575 fees / $47.34 costs) relating to services and costs incurred in connection with responding to the SC Order. [ER tab 9, pgs 160-164 EOD #86]. In addition, to supplement the Application for Compensation, BWL filed a Declaration re: *Memorandum in Support of Supplemental Fee Application Dated June 25, 2013; Declaration of Marcus G. Tiggs; and Declaration of Kevin Walker, in Support.* (collectively referred to as the "Fee Application"). [ER tab 11, pgs 171-195 EOD #88].

---

[4] The SC Order appears to have evolved from earlier cases to its form in the case at bar. From a specimen of orders issued circa December 2012, it appears that proof of payment dates and amounts could simply be satisfied by attaching the documentary evidence to a simple declaration stating Debtor is in compliance.
[5] During the Fee Application hearing, BWL's Status Report was complemented by Judge Johnson as being one of the best, if not the best he had seen. [Transcript: ER tab 13(a), pg 203, line 15:24, pg 205, line20:21]
[6] See ER tab 14 pg 233 (Appendix IV to Local Rules).

4

On or about 26 June 2013, the Trustee recommended the Court approve $600 for the Fee Application. [ER tab 12, pgs 197-198 EOD #89]. The Trustee's Comments/Objection  to the Fee Application, indicating among other things, 1) "fees appear to exceed usual and customary standard for fees"; 2) "normal and customary" standard should be applied first and if the Court finds the case or work falls outside, then lodestar should be applied to calculate the appropriate additional fees; and 3) counsel (BWL) submitted no evidence that fees are reasonable and that the tasks were "out of the ordinary" exceed that the amount of the Fee. See, ER tab 12, pg 197 EOD #89.

On 29 July 2013, the hearing was held on BWL's Fee Application. The Court Granted in Part and Denied in Part Applicants Fee Application, allowing $600.00 (fees and costs)(the "Order"). [ER tab 2, pgs 022-032 EOD #96].

On 2 August 2013, Appellant filed its Notice of Appeal (9th Circuit Bankruptcy Appellate Panel) of the Order. [ER tab 3, pgs 034-036 EOD #98]. On or about 8 August 2013, the Trustee filed a Notice of Election to Transfer Appeal to District Court. [ER tab 4, pgs 038-040 EOD #98].

### b. LOCAL RULES-Attorney Fees in Chapter 13 Cases

The Bankruptcy Court for the Central District of California, within its Local Bankruptcy Rules ("Local Rules") has adopted a "No Look" presumptive fee

guideline for allowance of base attorney fees[7] in Chapter 13 cases in this district.[8]
This "No Look" process provides for a maximum fee for the base case
representation without the need for the attorney filing a detailed fee application.
Local Rules §3015-1(v) [ER tab 14, pgs 228-229] and Local Rules Appendix IV
[ER tab 14, pgs 233].

　　　　The decision of the attorney to use the "No Look" process is made at the
inception of the case and is memorialized through the filing of the official
Bankruptcy Court (Central District of California) Form F3015-1.7 "Rights and
Responsibilities Agreement" ("RARA"). Local Rules, *Id.* and Local Rules
Appendix IV, *Id.*

　　　　For additional fees outside the RARA or in instances where the attorney
declines the use of the "No Look" procedure, Debtors attorney must file and serve
an application for fees in accordance with 11 U.S.C. §§330 and 331, Rules 2016
and 2002 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy
Rules §§2016-1 and 3015-1, as well as the Guide To Applications For Professional
Compensation issued by the United States Trustee for the Central District of
California. LBR Appendix IV, *Id* .

---

[7] See ER tab #14 (Request Judicial Notice), pgs 227-229, 233 and ER tab #15, pgs 235-240.
[8] The United States Bankruptcy Court (Central District California) comprises of five (5) divisions (Los Angeles, San Fernando Valley, Santa Ana, Northern and Riverside). The Local Rules are applicable to all divisions within the Central District. Local Rule§1001-1. See ER tab #14 (Request Judicial Notice), pg 223 and Local Rule §3015-1(a), pg 226.

BWL utilized the No Look fee procedure for the base fee in the case through the filing and service of the RARA on 14 January 2010. [ER tab 15, pgs 235-241 EOD #31]. Within the Order of Confirmation the Court awarded BWL the base fee of $4,000.00 on or about 8 March 2010. [ER tab 16, pg 243 EOD #47]. In seeking compensation for the additional work (subject to this appeal), BWL submitted its Fee Application pursuant to §330 and the Local Rules. See ER tab 9-11.

## 5. ARGUMENT

### a.   Whether the Bankruptcy Court erred in application of the applicable legal standard governing fee applications

The record is reasonably clear that the Court supplanted "lodestar" and the standards under 11 U.S.C. §330 with a "No Look" standard for the additional services provided. This was incorrect for the additional services provided and improperly based upon the Trustee's internal decision that a $600 flat fee is always the appropriate fee if counsel believes his/her work warrants it. [Transcript ER #13(a), pg 202, lines 1:12]

Fee awards for attorneys are allowed for, "reasonable compensation for actual, necessary services rendered…" 11 U.S.C. § 330(a)(1)(A). In relation to Chapter 13 Debtors' attorneys, §330 goes on to state, "[i]n a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in

7

connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." *Id*. § 330(a)(4)(B). The relevant factors identified include, but are not limited to:

> (A) the time spent on such services;

> (B) the rates charged for such services;

> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. *Id.* § 330(a)(3). [Emphasis added]

The statute also provides limitations that compensation shall not be awarded for "(i) unnecessary duplication of services; or (ii) services that were not—(I)

reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." *Id.* § 330(a)(4)(a).

Local Rule §3015-1 [ER tab 14, pgs 228-229] and Appendix IV [ER tab 14, pgs 233] even contemplate the Court making an analysis on the reasonableness of fee requests under §330 when services are outside of the "No Look" initial fee (i.e. additional services).

The record is void of the Court giving any indication whatsoever that it considered the factors within §330(a)(3). Rather, the Courts immediate departure after hearing arguments, was to inappropriately focus on Appellant's Fee Application award request being outside the norm of fees requested/awarded for services relating to responding to the Courts SC Order, while in the same breath complementing Appellant on the quality of his work in preparing the Status Report.[ER tab 13(a), pgs 203, 204]

**THE COURT**: In this particular instance with this particular fee application addressing this particular type of task I've -- we've been keeping track for about two years now of all applications for supplemental fees in Chapter 13 cases. …[Transcript: ER 13(a), pg 204, lines 6:9]. <u>See</u> also attachment to Order at ER 2, pgs 24-31].

**THE COURT**:… obviously if I have to make a distinction between a fee application for $50,000 versus $5,000 I'll make the necessary particular findings

9

that I have to but, you know, this is a fairly routine task and I just don't want to create a precedent where on these fairly routine tasks I have tranches of fees that I routinely grant. I think the Trustee has identified good numbers for fee applications, which work the vast majority of the time. [Transcript: ER 13(a), pg 206, lines 12:19].

BWL is not saying that the Court can never consider marketplace norms in part for determining the reasonableness the Fee Application within the framework of analysis §330. However, the marketplace is determined by what an informed client and informed attorney would agree should be paid for certain services. *In re Szymczak*, 246 B.R. 774, 781 (Bankr.D.N.J. 2000)(citing *In re Rothman*, 206 B.R. 99, 110 (Bankr.E.D.Pa. 1997).

Here, in the case at bar, we simply have an arbitrary $600.00 amount decided exclusively by the Trustee[9] and improperly adopted by the Court. Examples of the fallacy with the Court detailing at great length the norms for fees responding to the Courts SC Order:

1) The Trustee has predominately influenced the amount that may be applied for without resistance/objection to be $600 for responding to the Courts SC Order (e.g. any amount over $600 will receive the "canned" Trustee opposition). [ER tab 13(a), pg 202, lines 1:12]

---
[9] See Transcript: ER 13(a), pg 202, lines 1:12.

2) The Local Rules do not contemplate presumptively "No Look" additional fees post-confirmation (including but not limited to the significant time it takes to adequately respond to the SC Order).[10]

3) This Court (Judge Wayne Johnson) is the only Judge in the District as a whole requiring a detailed Status Report in Chapter 13 cases.

4) Debtors nor BWL could have anticipated a detailed status report would be required at the time of the case filing and execution of the RARA.

Therefore, the Court erred in not applying §330 in determining the reasonableness of BWL's Fee Application.

**b.** **Whether the Bankruptcy Court erred in not considering/applying the "Lodestar" standard in making its ruling on the fees and costs requested by BWL**

As guidance for calculating legal fees, the Supreme Court concluded in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This approach is commonly known as the lodestar method. *In re Szymczak*, 246 B.R. 774, 779.

---

[10] Within the RARA section titled, "**After the Case is Filed, The Attorney Agrees to Provide at Least the Following Legal Services**" [under the base "No-Look" fee], the only plausible post-confirmation services included in the base fee would be to 1) Prepare amendments (#8); 2) Monitor incoming case information for accuracy and completeness (9); and review claims register and Chapter 13 Trustee notice of intent to pay claims (#10). ER #15, pgs 239-240.

Though the lodestar method is not mandatory, it remains the customary method for assessing an attorney's fee application in bankruptcy, under which ''the number of hours reasonably expended'' is multiplied by ''a reasonable hourly rate'' for the person providing the services.  *In re Eliapo*, 468 F.3d 592 (9th Cir. 2006)(citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 960 (9th Cir.1991)).

*In Eliapo*, 468 F.3d 592 (9th Cir. 2006), the Ninth Circuit concluded that the lodestar approach was not mandatory and that there is "nothing in §330 that prevents a bankruptcy court from issuing and then relying on guidelines establishing presumptive fees for routine services in Chapter 13 cases." *Id.* at 599.

Among the cases cited by the Trustee in his recommendation to approve only $600.00 for BWL's Fee Application is ironically *In re Eliapo*, *Id.* [ER tab #12, pg 197]. Though on its surface, *Eliapo, Id.* appears on point to support the Court's decision not to utilize lodestar, the facts of *Eliapo, Id.* are distinguishable from the case at bar. In *Eliapo*, *Id.* the Bankruptcy Court (Northern District of California) adopted broad guidelines establishing presumptive fees for routine services in connection with services leading to the filing and the ultimate

confirmation of the plan in Chapter 13 cases ($1,400 for the basic case)[11]. The fee application of Appellant in *Eliapo,* 468 F.3d 592 (9th Cir. 2006) was for what the Court determined to be routine (non-extraordinary services) in an amount greater than the adopted guidelines establishing presumptive fees. In other words, the attorney in *Eliapo, Id.* filed a lodestar fee application for services already covered under the guidelines.

Like *Eliapo*, *Id.* the Bankruptcy Court for the Central District of California has adopted guidelines establishing presumptive fees for basic Chapter 13 cases. However, unlike *Eliapo*, *Id.* in the Central District of California there is no presumptive fee structure in place for the services provided by BWL post-confirmation and subject to this appeal or "add-on" fees for additional services that could potentially have been covered in the initial base fee [ER tab #14, pgs 227-229, 233 and ER tab #15, pgs 235-240]. This distinction is important because in *Eliapo, Id.* Appellant, sought fees for initial services covered in the adopted "No-Look" fee guidelines, where in the instant case the services are outside of the No-Look initial fee guidelines. See ER tab #15, pgs 235-240. Therefore, in the case at bar, the Court was required under the Local Rules to review the requested additional fees under §330.

---

[11] In addition there was an *a la cart* add-on fee structure depending on the facts of the case (e.g. cases involving real property, student loans, taxes etc).

In the Central District of California, once the plan is confirmed, the Local Rules nor the RARA contemplate any presumptively reasonable fees for services post-confirmation[12]. Rather the RARA and Local Rules contemplate §330 and lodestar as being the standard method for determining the reasonableness of the additional compensation sought. See ER tab #14, pg 233.

Under the RARA, non-**bold** type services provide for an allowance of Debtor counsels fees by stating, "If the attorney performs tasks on behalf of the Debtor not set forth in bold face, the attorney may apply to the court for additional fees and costs, but such applications will be reviewed by both the chapter 13 trustee and the court." See ER tab #15, pg. 239 (last para.). While under Appendix IV of the Local Rules, lodestar calculations are clearly contemplated by stating,

> [t]he attorney shall file and serve an application for fees in accordance with 11 U.S.C. " 330 and 331, Rules 2016 and 2002 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules 2016-1 and 3015-1, as well as the "Guide To Applications For Professional Compensation" issued by the United States Trustee for the Central District of California. In any event, on its own motion or the motion of any party in interest, the court may order a hearing to review any attorneys fee agreement or payment, in accordance with 11 U.S.C. §329 and Rule 2017 of the Federal Rules of Bankruptcy Procedure. [Local Rules, Appendix IV, ER tab #14, pg 233]

*Boday v. U.S. Bankruptcy Court, Western District of Kentucky*, 950 F.2d. 334 (6th Cir 1991), contrary to *Eliapo* is the only standout case putting forth the

---

[12] *See* fn 10.

proposition that notwithstanding adopted "No-Look" flat fee guidelines, a lodestar analysis is necessary for all fee applications.

Other than *Boday, Id*., case law throughout the circuits show a growing trend in departures from the initial use of the standard lodestar method in chapter 13 cases. *In re Cahill*, 428 F.3d. 536 (5th Cir 2005)(pre-calculated lodestar method used obviating the need for individual review--unless atypical case, then traditional lodestar used); *In re Kula,* 213 B.R. 394 (BAP 8th Cir 1997)(lodestar analysis is not required when there are adopted local rules setting presumptive fee); *In re Szymczak*, 246 BR 774 (Bankr. D.N.J. 2000)(Additional fees for work covered by the adopted guidelines may not exceed the adopted "No Look" presumptively reasonable absent showing of work being extraordinary nature); *In re Watkins*, 189 B.R. 823 (Bankr. N.D. Ala. 1995)(lodestar method not applied for additional/new work fee application which included work similar or identical to that for which the attorneys were already compensated, but lodestar used for services outside the initial fee).

The center of gravity of the lodestar departure cases (unlike the case at bar) is that there is in place local rules/general order or other administrative order (s) adopting presumptively  reasonable "No Look" fees for the additional services provided.  In the instant matter, the services covered under BWL's Fee Application is outside the scope of the services under the RARA. Hence, the Court erred in not

15

utilizing the lodestar method to determine reasonableness of the additional fees requested.

**c.      Whether the Bankruptcy Court erred in adopting the Chapter 13 Trustee's recommendation that $600.00 is "customary and reasonable" for supplemental fees in the Central District of California relating to additional legal services and fees  in a Chapter 13 case.**

Once adopted, "No-Look" fees are presumed to be reasonable under 11 U.S.C. § 330(a)(3) and can be established through local rules, general, administrative, or standing orders, and guidelines. However, the applicable Local Rules for the case at bar do not establish any required or optional flat fee basis/"No-Look" or presumptively reasonable amount for the additional services provided by BWL. Thus there was no authority for the court to forego a §330 analysis in determining the reasonableness of the fees and expenses requested. See, ER tab #14.

**THE COURT**:… obviously if I have to make a distinction between a fee application for $50,000 versus $5,000 I'll make the necessary particular findings that I have to but, you know, this is a fairly routine task and I just don't want to create a precedent where on these fairly routine tasks I have tranches of fees that I routinely grant. I think the Trustee has identified good numbers for fee

16

applications, which work the vast majority of the time. [Transcript: ER 13(a), pg 206, lines 12:19].

The standards in deciding the amount of a fee award falls generally into three general categories: 1) examining fees charged by comparably skilled practitioners in cases <u>other than bankruptcy cases</u>. §330(a)((3)(F) [emphasis added]; 2) supplementing the lodestar method with the twelve factors under *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d. 714 (5th Cir 1974)(factor 5); 3) complete departure from lodestar for those who agree to take a "No-Look" fee should not be entitled to additional compensation unless the additional work falls outside of the services considered "normal and customary". *In re Eliapo*, 468 F.3d 592 (9th Cir. 2006).

Here, the Court did not use lodestar, apply the *Johnson* factors and/or §330 in making its decision to disallow part of the requested award. Rather, the Court applied a "normal and customary" standard contrived by the Trustee. First and foremost, "normal and customary" is applied in instances where there is an established "No-Look" policy adopted by the Court for the services rendered—here there is no adopted policy in effect for the services provided post confirmation. If there was, then that "No-Look" amount is presumed to be "normal and customary".

For the practitioner to receive more than that "normal and customary" amount he/she must establish the work/case done subject to the "No Look" fee structure is atypical or extra-ordinary.  See *In re Argento,* 282 B.R. 108,116–17 (Bankr.D.Mass.2002) (adopting ''standard that incorporates both the 'initial fixed fee standard' for what can be described as the usual services inherent in any routine chapter 13 case and the lodestar method for those services which exceed the routine tasks'') (cited by *In re Eliapo*, 468 F.3d 592, 600 (9th Cir. 2006).

The flat rate of $600.00 is not in the Local Rules or even contemplated by the RARA—this is simply an amount the Trustee has conjured up that the Court presumes is the standard. The response of the Trustee to the Court as to the Courts inquiry on the basis for recommending only $600.00 is telling:

**MS. KELLY**: Well, Your Honor, the Trustee's position is basically we'll always approve a flat rate fee/ If counsel believes that it warrants the work that was performed. If it's more, then, you know, generally we defer to the Court to decide that, but we'll always just approve a flat-rate fee. Basically in these status conferences we've been seeing a lot of the applications coming through from various, you know, law firms and whatnot, and these were much, much higher than what we've been seeing as a standard, you know, the average kind of thing that we've been seeing. That's basically where we come with our number. [Transcript: ER tab 13(a), pg. 202, lines 1:12]

18

The Trustee's response that we just approve a "flat-rate fee" takes on the nature of supplanting the Local Rules for the standard in determining reasonableness of fees for additional service. Equating the term flat rate fees to that of "No-Look" fees is easy when looking at the record. The Local Rules mandate a §330 analysis on the fee application. Of course, the Court should consider the Trustee's recommendation when deciding appropriateness of the requested fees. However, there is no excuse for the Court not even remotely discussing the elements §330 and then applying lodestar.

**THE COURT**: … I'm going to approve both fee applications in the amount of $600 each. I do so somewhat reluctantly for several reasons. One is the declarations that you've filed were among the best, if not the best, declarations that were filed in response to the status conference order. In fact, I have a stack of status conference -- or declarations -- secured debt declarations that have been filed in response to the hundreds of orders the Court has issued setting status conferences and it's a stack of good examples. It has a Post-It note on it that says "good examples," and your declaration in the Walker case is at the top of the stack.

**d.  Whether the Bankruptcy Court abused its discretion when it disallowed part of BWL's requested fees and costs through applying a flat $600.00 allowance for fees and cost.**

Case law provides for allowance of adopted "No Look" fees for routine Chapter 13 matters to "streamline" the process of the Court approving fee applications. <u>See</u> Arguments a-c above. The Court's adoption of the Trustee guess that $600.00 is the "magic amount" for compensation for additional services is inadequate in meeting even a cursory analysis under §330 and the Local Rules in making the appropriate findings of whether the Fee Application of BWL was reasonable.

The Fee Application detailed the nature of the work performed for the Debtor and the Debtor signed a Declaration approving the fees as requested. [ER tab #9 EOD #86 and tab #11 EOD #88]. Furthermore, during oral argument additional details were given by BWL to give the Court further information on the basis of the requested fees.

**MR. TIGGS**: ... Now, the issue at least that we ran into -- at least I ran into is, we have a small office so I would -- I had to go through the documentation that the debtor provided. And in a perfect world, it would have been just one sheet consolidated showing the payments on the house, one sheet consolidated showing

all the payments for the HOA and the car, and it didn't play out that way. At best, he could go back two years from his bank getting -- pulling bank statements wherein I -- we needed to redact the rest of the stuff. The house was a little bit tricky only insofar as, Your Honor, in this case Your Honor had approved a sale motion probably about six or seven months prior to us having to file this response. So we -- I had to validate exactly what the status is to explain to the Court why in the world the debtor wasn't making any more mortgage payments. I keep contemporaneous time slips for the time spent on it in a way and I know no one is insinuating that we were churning anything but it just -- it's just time intensive on some of these status reports, so we believe the fees are reasonable. And in this instance, I believe the debtor also signed a declaration indicating that he would -- you know, he would like the Court to approve the fees as filed. [Transcript: ER 13(a), pg 202, lines 14:25, pg 203, lines 1:12]

      **THE COURT**: Thank you, sir. I'm going to approve both fee applications in the amount of $600 each. [Transcript: ER 13(a), pg 203, lines 13:14]

///

///

///

21

## 6. CONCLUSION

For the foregoing reasons, Appellant respectfully requests the Order of the

Bankruptcy Court be reversed.

Respectfully Submitted,

DATED:  9 September 2013          **BAYER WISHMAN & LEOTTA**


By:_____
     MARCUS G. TIGGS
     Counsel for Appellant,
     BAYER WISHMAN & LEOTTA

**Federal Rules of Appellate Procedure Form 6.  Certificate of Compliance With Rule 32(a)**

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

☑     this brief contains  4,704                   words, excluding the
parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

☐     this brief uses a monospaced typeface and contains   [state the number of]
lines of text , excluding the parts of the brief
exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the
type style requirements of Fed. R. App. P. 32(a)(6) because:

☑     this brief has been prepared in a proportionally spaced typeface
using [Microsoft Word (ver 10)                        ] in
[New Times Roman (14 pt font)          ], *or*

☐     this brief has been prepared in a monospaced typeface using ″
[                                        ] with
[                                        ].

(s)  _____

Attorney for ___Appellant_____

Dated:  ___9 Sepember 2013_____

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this proceeding.  My business address is:
**1055 Wilshire Blvd. Ste 1900**
**Los Angeles, CA. 90017**

A true and correct copy of the foregoing document described **APPELLANT'S OPENING BRIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.   **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Rule(s) ("LR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 9 September 2013 I checked the CM/ECF docket for this case or proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Rod Danielson rod@rodan13.com
Joey DeLeon joey@rodan13.com

☐   Service information continued on attached page

II.   **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will</u> be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

III.   **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LR, on___9 September   2013_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will</u> be completed no later than 24 hours after the document is filed.

Mandatory Chambers Copy (Room 244-J)      Debtor (email)
*Personal Delivery*                                            Kevin Walker
Hon Dean D. Pregerson
312 North Spring Street
Los Angeles, CA. 90012

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

9 September 2013          BRIGETTE LOPEZ                              /s/Brigette Lopez
_____  _____  _____
*Date*                            *Type Name*                            *Signature*