O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BAYER WISHMAN & LEOTTA, | ) | Case No. EDCV 13-01430 DDP |
| Appellant, | ) | [US Bankruptcy Court Riverside, 6:09-28706 WJ] |
| v. | ) | **ORDER AFFIRMING AWARD OF BANKRUPTCY COURT** |
| ROD DANIELSON, Chapter 13 Trustee and KEVIN WALKER, | ) | |
| Appellees. | ) | |

Presently before the Court is an appeal filed by Appellant Bayer Wishman & Leotta ("Appellant") of an award of attorney's fees by the Bankruptcy Court (Riverside Division). Having considered the submissions of the parties, the Court affirms the Bankruptcy Court's award.[1]

cc: US Bankruptcy Court & US Trustee's Office

---

[1] Note that this order mirrors an order issued contemporaneously in In re Macey, EDCV-13-01431-DDP, which involves a parallel appeal on the same issue.

**I.   Background**

Appellant, who is counsel for debtor Kevin Walker in a Chapter 13 bankruptcy case, appeals the Bankruptcy Court's partial denial of an application for attorney's fees and costs for services performed on behalf his client. In particular, Appellant sought fees and costs incurred in the preparation of a Status Report required by an order of the Court issued on March 18, 2013. (See Opening Brief, Excerpt of the Record ("E.R.") Tab 6 at 45-48.) The required Status Report presented information and documentation concerning payments of claims which the debtor's chapter 13 plan provided would be paid by the debtor. (Id.)

Appellant's Application for Supplemental Fees, filed with the Bankruptcy Court on July 2, 2013, sought $1,622.34, including $1,575 in fees and $47.34 in costs, in connection with its preparation of the Status Report. (E.R. Tabs 9 and 10 at 160-169.) The Application and supporting memorandum justified the fees sought solely on the basis of the attorney's hourly rate of $350 and the number of hours of work performed carrying out various tasks in preparing the Status Report; no other information was presented to demonstrate the reasonableness of the fees sought for the task at issue. (Id.)

On June 25, 2013, the Trustee filed an objection to the application. (See E.R. Tab 12 at 197.) The Trustee argued that "[t]he fees requested for these tasks exceed the usual and customary standard for fees for similar tasks in this district and the division" and that "counsel has submitted no evidence that the fees are reasonable, and no evidence that these tasks were 'out-of-

the-ordinary' warranting the higher fees requested." (Id.) The Trustee recommended the approval of $600 in fees and costs. (Id.)

The Bankruptcy Court held a hearing on the fee application on July 29, 2013. During the hearing, the Court heard arguments regarding the fee request in the instant case as well as an application by the same attorney for supplemental fees for the same task in In re Macey, EDCV13-01431-DDP. As further described below, during the hearing, the Court presented the results of its own independent investigation to assess the reasonableness of Appellant's supplemental fee request, which involved analysis of 125 cases in which bankruptcy counsel sought supplemental fees before the Riverside Division for the same task. (See E.R. Tab 13(a) at 203-207.) The Court found, on the basis of this analysis, that, despite the high quality of Appellant's Status Report, the fees sought by Appellant were excessive. (Id.) The Court approved fees and costs in the amount of $600. (Id. at 203.)

Appellant appealed the Bankruptcy Court's award and Appellee moved to transfer the appeal to this Court on August 8, 2013.

**II.   Standard of Review**

This Court will not disturb a bankruptcy court's award of attorneys' fees "absent an abuse of discretion or an erroneous application of the law." In re Eliapo, 468 F.3d 592, 596 (9th Cir. 2006) (citing In re Nucorp Energy, Inc., 764 F.2d 655, 657 (9th Cir. 1985)). The Court "will not reverse an award of fees unless it has a definite and firm conviction that the bankruptcy court committed clear error in the conclusion it reached after weighing all of the relevant factors." Id.

**III. Discussion**

The gravamen of Appellant's appeal is that the Bankruptcy Court erred in not approving the full amount of fees sought by Appellant by declining to use the "loadstar" method, which was the basis for the Appellant's requested fees. This Court disagrees.

The Bankruptcy Court for the Central District of California provides for use of a court-approved Rights and Responsibilities Agreement Between Chapter 13 Debtors and Their Attorneys ("RARA") (form F. 3015-1.7.RARA). Use of a RARA is optional. If a RARA is used, and the attorney seeks fees for certain tasks set forth in bold font in the RARA in an amount that does not exceed specified maximums ($5,000 in a case in which the debtor is engaged in a business; $4,000 in all other cases), such fees may be approved by the court without the need for the attorney to file any further fee application or to hold any hearing. Local Bankruptcy Rules ("LBR") 3015-1(v)(1)-(2) and Appendix IV. These are customarily referred to as "no look" or "presumptive" fees.

If the attorney performs tasks on behalf of the debtor not set forth in bold type in the RARA, the attorney may apply to the court for supplemental fees and costs. LBR 3015-1(v)(1). However, such applications are reviewed by both the chapter 13 trustee and the court. Id. The application must be filed in accordance with 11 U.S.C. §§ 330 and 331, Rules 2016 and 2002 of the Federal Rules of Bankruptcy Procedure, and LBR 2016-1 and 3015-1, as well as the "Guide to Applications For Professional Compensation" issued by the United States Trustee for the Central District of California. LBR 3015-1(5).

In the present case, Appellant filed an application for supplemental fees for preparation of the Status Report, which it contends was not encompassed within the tasks listed in bold type in the RARA. Appellant contends that the Court should have used the loadstar method, whereby the number of hours reasonably expended is multiplied by a reasonable hourly rate for the person performing the services, to determine its fees. (Opening Brief at 11.)

11 U.S.C. §330(a) provides that courts may determine "reasonable compensation" considering "the nature, the extent, and the value of such services, taking into account all relevant factors, including--

> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title."

11 U.S.C. §330(a). "The court may . . . award compensation that is less than the amount of compensation that is requested." §330(b).

As both parties recognize, "the customary method for assessing an attorney's fee application in bankruptcy is the 'lodestar.'" In re Eliapo, 468 F.3d 592, 598 (9th Cir. 2006). "However, the lodestar method is not mandatory." Id. (citing Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc., 924 F.2d 955, 960 (9th Cir. 1991) ("Although [In re Manoa Finance Co., 853 F.2d 687 (9th Cir.

1988),] suggests that starting with the 'lodestar' is customary, it does not mandate such an approach in all cases."); In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833, 856 (3d Cir. 1994) ("While bankruptcy fees are commonly calculated using the lodestar method, ... § 330 by no means ossifies the lodestar approach as the point of departure in fee determinations.").)

"It is well settled that the burden is on the attorney claiming a fee in a bankruptcy proceeding to establish the value of his services." In re Gianulias, 111 B.R. 867, 869 (E.D. Cal. 1989). As the Supreme Court has stated, a party seeking fees must provide "satisfactory evidence" that its fees "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 896 (1984). See also LBR 3015-1(v)(2) (stating that an application for supplemental attorney's fees "must be supported with evidence of the nature, necessity, and reasonableness of the additional services rendered and expenses incurred.")

Where a party seeking fees has not provided sufficient evidence of the reasonableness of its fees, a trial court is entitled substantial discretion in determining appropriate fees and costs. See In re Gianulias, 111 B.R. 867, 869 (E.D. Cal. 1989) (noting that it is "reasonable to allow trial court judges substantial flexibility" in calculating fees and noting that bankruptcy judges may devise various ways to determine fees where applications are deficient); In re Lock Shoppe, Inc., 67 B.R. 74 (E.D. Pa. 1986) (disregarding itemized entries in a fee application that did not justify the hourly rate and was otherwise deficient

1  and awarding fees based on the court's own assessment of the value
2  on the services); Matter of U.S. Golf Corp., 639 F.2d 1197, 1207-08
3  (5th Cir. 1981) ("We have long recognized the importance of the
4  bankruptcy judge's closeness to issues raised in an application for
5  attorneys fees . . . . Consequently, a bankruptcy judge has wide
6  discretion in the awarding of attorneys fees.")
7       In the present case, Appellant's supplemental fee application
8  did not contain any information to demonstrate the reasonableness
9  of the fees for the particular task at issue. (See E.R. Tabs 9 and
10 10.) In the absence of such evidence, the Court conducted its own
11 independent study to determine a reasonable fee in which it
12 compiled information concerning 125 cases where fee applications
13 were filed in the Riverside Division seeking compensation for the
14 same task (preparing a Status Report). (E.R. Tab 13(a) at 203-07.)
15 It concluded that the fees requested by Appellant of $1,622.34 were
16 substantially higher than was typical for the same task.
17 Specifically, the Court found that Appellant's request was nearly
18 triple the average fee requested of all 125 cases ($565) and the
19 average allowed ($551). (Id. at 205.) It further noted that in 89
20 of the 125 cases, fees requested were $600 and were approved at
21 that amount; that fee applications in only 11 of the cases exceeded
22 $600 and in only 3 cases exceeded $800; and that there were no
23 other applications besides Appellant's where the fee sought
24 exceeded $1000. (Id.) The Court additionally noted that it was not
25 convinced that all of the services for which Appellant sought fees
26 fell outside of the basic (non-bold face) responsibilities listed
27 in the RARA and were thus separately compensable. (Id. at 207.) On
28 the basis of these observations, the Court concluded that, despite

the high quality of Appellant's work, Appellant's requested fees were unreasonable for the task at issue and determined that an appropriate fee, as recommended by the Trustee, was $600. (Id. at 203.)

This Court finds that the Bankruptcy Court did not err or abuse its discretion, but instead followed a reasonable approach and reached a reasonable conclusion as to the value of the services at issue based on the information available.

## IV. Conclusion

For the reasons stated herein, the Bankruptcy Court's award of attorney's fees in the instant matter is hereby affirmed.

IT IS SO ORDERED.

Dated: August 22, 2014

DEAN D. PREGERSON
United States District Judge